E. W. BLATCHFORD AND WM. H. BRADLEY, TRUSTEES, ETC.

v.

THE CHICAGO DREDGING & DOCK COMPANY ET AL.

THE CHICAGO DOCK & CANAL COMPANY

v.

SAME.

MARIANNA A. OGDEN ET AL., TRUSTEES, ETC.,

v.

SAME.

*Injunctions—What Necessary to Appear Before Court of Equity Will Grant—Riparian Rights—Bills to Restrain Defendants from Excavating Sand in Lake Michigan in Front of Complainants' Lands—Evidence.*

1. Substantial and positive injury must always be made to appear to the satisfaction of a court of equity before it will grant an injunction, and where the acts sought to be enjoined are being done under such circumstances that, if not injurious in tendency the complainant has no right to complain, satisfactory proof must be made that said acts have a natural or necessary tendency to produce the injury. When the injury claimed to result from the act appears to be uncertain, contingent, theoretical or possible only, equity will not interfere by injunction.

Blatchford v. Chicago Dredging & Dock Co.

2. Upon bills filed by owners of property fronting on Lake Michigan for an injunction to restrain the defendants from excavating or removing sand or other material from the bed of the lake in front of said property, or so contiguous thereto as to interfere with the formation or accretion resulting from the operation of natural causes, it is *held:* That the evidence does not show that the acts of defendants had a tendency either to prevent accretions upon complainants' lands, or to cause their shore to be washed away by the action of the waves; and that, in the absence of evidence showing a present injury or impending future injury from the continuance of the defendants' operations, an injunction was properly denied by the court below.

[Opinion filed January 26, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Statement *Per Curiam.* By stipulation of the parties the above entitled cases were heard and decided together and the record made in the first entitled case is to be regarded as the record in all, as they relate to the same subject-matter.

Bills were filed by appellants in the court below alleging that appellants are the owners of certain parcels of land fronting on Lake Michigan; that the frontage represented by all the appellants extends from the Ogden Slip to the middle of the block lying between Huron and Superior streets; that the premises have been held and claimed by appellants for over twenty years; that they are riparian proprietors and are entitled to all the rights and advantages thereunto appertaining under the law, and amongst others, to such accretions as may be formed upon said land by the continuous and uninterrupted action of natural causes in their influence upon the water and bed of the lake; that during appellants' ownership large and valuable accretions have formed thereon, and but for the interference of natural causes would continue to form thereon and make valuable additions thereto; that the bed of the lake in front of appellants' property is composed of sand which is by storms from the north and east disturbed and projected upon said property, forming additions to the same, valuable in themselves, and also as a protection to the property already acquired; that they are entitled to have continued the condition

of natural causes operating upon their property; and that no party has or can have a right to obstruct or interfere with said operation of natural causes; that the bed of the lake opposite to appellants' property slopes gradually and regularly eastward from the shore line to a depth of water not exceeding ten or fifteen feet at a half-mile's distance from said shore line, and that this natural and undisturbed condition affords a protection against the eroding effects of storms; that appellants are entitled especially against unauthorized encroachments and wrongful acts of other persons, to all such accretions as have already formed upon their land, as well as to such accretions as may hereafter form from the undisturbed operation of natural causes thereon; that appellees are and for several months past have been engaged with dredges, scows and other appliances in excavating and taking away from the bed of Lake Michigan in front and contiguous to appellants' land, the sand, earth, gravel and other material forming the bed of said lake, and have excavated in the bed of said lake contiguous to appellants' said premises, trenches some fourteen feet deep and twenty-five feet wide and between from 300 to 1,000 feet from the shore line of said land, and in so doing have taken away 200,000 cubic yards of sand, and still continue to remove sand, etc., and to sell the same for their own profit without license from any competent authority, and against appellants' protests and in violation of their riparian rights; that said excavations have interfered with the formation of accretions which would otherwise have formed upon appellants' said land, and that they also seriously endanger the permanency of said land; that appellants have been greatly damaged by the said acts of appellees, and that a continuance of said acts will result in irreparable loss to appellants and that appellants have no adequate remedy at law. The bill prays for an injunction restraining the defendants from excavating or removing sand or other material from the bed of Lake Michigan in front of appellants' land or so contiguous thereto as to impede or interfere with the formation or accretion resulting from the operation of natural causes.

The answers deny that appellants have any rights peculiar

to themselves by reason of their ownership of land abutting thereon, over the bed or waters of Lake Michigan, and claim that the bed of said lake up to the shore line is common property ; deny that the taking of sand by defendants has in any way injured or occasioned loss to appellants, and claim that whenever sand has been taken by defendants the accretions forming on appellants' property have been much more rapid than when sand was not taken ; deny that appellants have any right to or interest in the material composing the bed of the lake which may tend, under the influences of the waters of the lake, to form accretions to their property, and insist that so long as the lateral support of appellants' land is not interfered with they have no cause of action against persons removing sand from the lake bed adjacent thereto ; claim that excavation and removal of sand, etc., from the bed of Lake Michigan is a public right, a benefit to the City of Chicago and to navigation, and deny that defendants' operations in the removal of sand have had, or can have or will have, any effect upon the shore line either by lessening the accretions thereto or by exposing the land to the action of the elements, or by removing the lateral support of the shore.

On hearing on bill, answer and proofs, the Circuit Court denied the injunction prayed for and dismissed the bill for want of equity, and the case is brought to this court by appeal.

Messrs. JOHN N. JEWETT & JEWETT BROTHERS, for appellants.

The court has power, under the circumstances here shown, to exert the equitable remedy of injunction. " The incompleteness and inadequacy of the legal remedy is the criterion which, under the settled doctrine, determines the right to the equitable remedy of injunction." Pomeroy's Equity Jurisprudence, Sec. 1338, also Secs. 1347, 1351 ; 2 Story's Equity Jurisprudence, Secs. 918, 925, 928 ; Carlisle v. Cooper, 21 N. J. Eq. 579 ; Frink v. Lawrence, 20 Conn. 120; Belknap v. Trimble, 3 Paige, 600 ; Hicks v. Silliman, 93 Ill. 255, 264 ; Henderson v. N. Y. C. R. R. Co., 78 N. Y. 430.

Even if appellee's acts have not been the sole cause of the damage suffered by appellants, still, if they have partially caused said damage, the relief prayed for should have been granted. Vanderburgh v. Truax, 4 Den. 464; Hooksett v. Amoskeag, 44 N. H. 105; Dickinson v. Boyle, 17 Pick. 78; Robinson v. Black Diamond Coal Co., 57 Cal. 412; Hicks v. Silliman, 93 Ill. 255.

Appellees have no rights in these premises, and are mere trespassers or wrong-doers. This is a material question and the court must take into consideration the fact that appellees are mere trespassers, and can not leave unsettled their claim of right to excavate and appropriate sand as shown. Pollard v. Hagan, 3 How. 212.

The title to the bed of Lake Michigan opposite the property in question is in the State of Illinois. Griffin v. Gibb, 1 McAll. 212.

The defense which is attempted to be made to these actions, namely, that the title to the bed of the lake is in the State, whence appellees, as against these appellants, attempt to deduce the theory that the sand therein belongs to any one who chooses to appropriate it, is absurd. Solliday v. Johnson, 38 Pa. St. 380; Braxon v. Bressler, 64 Ill. 488; Washington Ice Co. v. Shortall, 101 Ill. 46; Lorman v. Benson, 8 Mich. 18; Rice v. Ruddiman, 10 Mich. 125; Ryan v. Brown, 18 Mich. 196. See, also, Houck v. Yates, 82 Ill. 179; Ensminger v. People, 47 Ill. 384; City of Chicago v. Laflin, 49 Ill. 172.

Appellants are entitled to the natural flow of the water upon their land, or in other words, upon the facts shown in the testimony, they are entitled to the flow of the water against their land, *ubi currere solebat;* and if the natural condition of the bed of the lake opposite their land affords a protection to their land, they have the right to its continued natural condition.

A riparian proprietor is entitled to be secured in the enjoyment of the use of the stream as he has heretofore had it, without any sensible and material alteration so as to occasion an actual injury. Shreve v. Voorhees, 3 N. J. Eq. 36; Hulme v. Shreve, 4 N. J. Eq. 125; Brakeley v. Sharp, 10 N.

J. Eq. 208-9; Farrell v. Richards, 30 N. J. Eq. 515; Hicks v. Silliman, 93 Ill. 255; St. Helena Water Co. v. Forbes, 62 Cal. 184.

The riparian right of accretion is a continuing right, and the riparian proprietor has a vested right in future accretions, whether they are the result of natural or artificial causes; in other words, a right of accretion. 2 Blackstone, 261; County of St. Clair v. Lovingston, 23 Wall. 46, 68; Lovingston v. County of St. Clair, 64 Ill. 56.

Messrs. J. W. SHOWALTER and WILLIAM LAW, JR., for appellees.

*Per Curiam.* We have examined the evidence in the record on file in the above entitled cases, and after a most careful consideration of it we are unable to conclude that appellants have established that the acts of appellees in dredging and removing sand from the bed of the lake opposite the property of appellants, has injured said property by causing increased erosions of the shore, nor do we think that it is established by the evidence that such dredging and removal of sand has prevented accretions from forming on the shore line of appellants' property. We do not find it proven that the acts done by the defendants had a tendency to either prevent accretions upon appellants' land, or to cause their shore to be washed away by the action of the waves. We, therefore, find it unnecessary to enter upon a discussion or determination of the questions at law as to the rights of the appellants and appellees in the premises, which have been so elaborately discussed by counsel. Substantial and positive injury must always be made to appear to the satisfaction of a court of equity before it will grant an injunction, and where the acts sought to be enjoined are being done under such circumstances that if not injurious in tendency a party has no right to complain, satisfactory proof must be made that the acts have a natural or necessary tendency to produce the injury. A failure to show injury actually threatened or certainly impending, is as fatal to the right to an injunction as the

failure to establish a clear legal right. When the injury to result from the act is shown by the evidence to be uncertain, contingent, theoretical or possible only, equity will not interfere by injunction.

The evidence, in our opinion, failing to show injury in the past, or impending future injury from the continuance of the operations of appellees, the decree of the Circuit Court must be affirmed.

*Decree affirmed.*